UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUILLERMO JOSE
GRÜNBERGER REYNOSO,

    Plaintiff,　　　　　　　　　　　　　Case No. 21-cv-12556
　　　　　　　　　　　　　　　　　　　　　　Hon. Matthew F. Leitman
v.

RAND MUELLER and
GPSI, LLC,

    Defendants.
_____/

**ORDER DENYING PLAINTIFF'S
MOTION TO REMAND WITHOUT PREJUDICE (ECF No. 6)**

    This action involves a dispute over the ownership and operation of Defendant GPSI, LLC ("GPSI"). In the ownership portion of the dispute, Plaintiff Guillermo Jose Grünberger Reynoso ("Grünberger") claims that he and Defendant Rand Mueller are members of GPSI and that Mueller (the alleged controlling member of GPSI) wrongfully purported to sell his (Grünberger's) membership interest in GPSI. Grünberger seeks a declaration that the purported sale of his interest in GPSI was ineffective and that he remains a member of GPSI. In the operation portion of this dispute, Grünberger alleges that Mueller, in his capacity as the controlling member of GPSI, engaged in oppressive conduct toward him (Grünberger). As relief for that

misconduct, Grünberger seeks, among other things, an order "dissolving and liquidating the assets of GPSI."

Grünberger initially filed this action in the Oakland County Circuit Court. Mueller and GPSI, who are represented by separate counsel, then jointly removed the action to this Court. In their Notice of Removal, Defendants contended that the Court has diversity jurisdiction over this action under 28 U.S.C. § 1332.

Grünberger has now moved to remand the action back to state court. (*See* Mot. to Remand, ECF No. 6.) Grünberger insists that complete diversity – essential to diversity jurisdiction – is lacking here because (1) he remains a member of Defendant GPSI and (2) that Defendant thus shares his citizenship. (*See id.*)

The Court cannot resolve Grünberger's jurisdictional challenge at this point. His argument as to why complete diversity is lacking is inextricably intertwined with the merits of his claim – which is vigorously disputed by Defendants – that he remains a member of GPSI. If, as Grünberger alleges in one of his declaratory judgment claims, he remains a member of GPSI, then complete diversity is lacking, and the Court lacks subject-matter jurisdiction. But if, as Defendants contend, Grünberger is no longer a member of GPSI, then there is complete diversity, and the Court has jurisdiction over this action. Under settled Sixth Circuit law, where, as here, a challenge to subject-matter jurisdiction is inextricably bound up with the merits of the plaintiff's claims, then a district court must assume that it has

jurisdiction and proceed to adjudicate the claims on the merits. The Court concludes that it cannot resolve the merits of Grünberger's claim that he remains a member of GPSI on the current record. Therefore, the Court will **DENY** Grünberger's motion to remand (ECF No. 6) **WITHOUT PREJUDICE** and will decide whether it has subject-matter jurisdiction over this action when it decides the merits of Grünberger's claim to be a member of GPSI – which may be following Defendants' filing of a dispositive motion or after a trial.

# I

## A

GPSI is a limited liability company that is headquartered in Madison Heights, Michigan. (*See* Compl. at ¶9, ECF No. 8-3, PageID.243.) It "is a supplier of vehicle telematics solutions to automotive original equipment manufacturers, dealerships, commercial fleet managers, rental car companies, and individual vehicle owners." (*Id.*)

Prior to September 30, 2020, there was no dispute over the ownership of GPSI. It had two members: Grünberger, who held a 29.4807% interest in the company, and Mueller, who held a 70.5193% interest. (*See id.* at ¶¶ 7–8, PageID.243.) Mueller "controlled GPSI," but "Grünberger was [also] involved in [its] business operations." (*See id.* at ¶¶ 1, 3, PageID.242.) Mueller is a citizen of Florida. (*See id.* at ¶3, PageID.242.) Grünberger is a citizen of Mexico. (*See id.* at ¶1, PageID.242.)

3

"On October 2, 2020, [] Mueller telephoned Grünberger and informed him that he had sold GPSI." (*Id.* at ¶15, PageID.244.)  Then, on October 5, 2020, "Grünberger was presented with paperwork stating that Mueller had purportedly sold all membership interests in GPSI" – including Grünberger's 29.4807% interest – on September 30, 2020. (*Id.* at ¶17, PageID.244.)  The "paperwork" provided to Grünberger included a sales agreement between Mueller and GPSI's new purported owners, MFSS Holdings LLC and MFSS Acquisition LLC (the "Purported Sales Agreement"). (*See* Purported Sales Agmt., ECF No. 8-3, PageID.296–372.)  The Purported Sales Agreement contains a non-compete provision that, "if enforceable, would prohibit Grünberger from engaging in" the same line of business as GPSI "for a period of five years commencing on September 30, 2020 and covering a territory of 'the entire world.'" (Compl. at ¶75, ECF No. 8-3, PageID.253, quoting Purported Sales Agmt. at § 5.05, ECF No. 8-3, PageID.331.)

Grünberger insists that Mueller's purported sale of his (Grünberger's) interest in GPSI through the Purported Sales Agreement was ineffective because Mueller did not obtain Grünberger's consent to the sale.  Grünberger also claims that Mueller, in his capacity as the controlling member of GPSI, engaged in oppressive conduct towards him (Grünberger).

4

**B**

On September 30, 2021, Grünberger filed suit against Mueller and GPSI in the Oakland County Circuit Court. In his Complaint, Grünberger challenged the effectiveness of the Purported Sales Agreement and complained about Mueller's conduct as the controlling member of GPSI. Grünberger summarized his claims as follows:

> Grünberger's 29.4807% membership interest in GPSI, LLC was purportedly sold absent his consent in October 2020. Grünberger did not receive notice of the sale before the purported sale closing and never consented to the sale. Despite the purported sale purchase price of $7 million, Grünberger was offered a check for only $70,879. Additionally, Defendant Rand Mueller controlled GPSI as a majority member before the unauthorized purported sales transaction and engaged in actions that substantially interfered with Grünberger's interests as a limited liability company member of GPSI. This Complaint seeks to address all of the wrongful conduct suffered by Grünberger.

(*Id.*, PageID.242.)

Grünberger's Complaint contains the following ten claims:

- Count I – Breach of Contract as to Defendant Mueller;

- Count II – Common Law and Statutory Conversion as to Defendant Mueller;

- Count III – Declaratory Judgment as to Grünberger's Membership Interests as to Defendants Mueller and GPSI;

- Count IV – Declaratory Judgment Regarding 2018 Promissory Note as to Defendant Mueller;

- Count V – Accounting as to Defendants Mueller and GPSI;

- Count VI – Constructive Trust as to Defendant Mueller;

- Count VII – Unjust Enrichment as to Defendant Mueller;

- Count VIII – Declaratory Judgment as to Covenant Not to Compete as to Defendants Mueller and GPSI;

- Count IX – Membership Oppression MCL § 450.4515 as to Defendants Mueller and GPSI; and

- Count X – Breach of Fiduciary Duty as to Defendant Mueller.

Grünberger seeks several different types of relief. As relevant here, in his claim for "Declaratory Judgment as to Grünberger's Membership Interests as to Defendants Mueller and GPSI" (Count III), Grünberger seeks, among other things, a declaration that "Defendant Mueller's purported conveyance of [his (Grünberger's)] membership interest pursuant to the [Purported Sales Agreement] was ineffective" and that therefore he (Grünberger) "remains a 29.4807% limited liability member of GPSI." (*Id.*, PageID.248-249.) As further relevant here, in his "membership oppression" claim against Mueller and GPSI (Count IX), Grünberger asks the Court to enter an order that, among other things, "dissolve[es] and liquidat[es] the assets of GPSI." (*Id.*, PageID.256.)

C

Mueller and GPSI jointly removed Grünberger's Complaint to this Court on October 29, 2021. (*See* Notice of Removal, ECF No. 1.) They asserted that Grünberger's Complaint was "properly subject to removal consistent with the

6

provisions of 28 U.S.C. §§ 1332 and 1441 on the basis of diversity of citizenship jurisdiction." (*Id.*, PageID.3.) More specifically, Defendants said that there was complete diversity among the parties because (1) Grünberger was a citizen of Mexico, (2) Mueller was a citizen of Florida, and (3) GPSI had the citizenship of its members, "MFSS Holdings, LLC and MFSS Acquisition, LLC, both of which have one single member, namely Sam Spencer. Mr. Spencer resides and is domiciled in Ohio." (*Id.*, PageID.4.) Defendants also maintained that the amount in controversy exceeded $75,000. (*See id.*) Defendants contended that because the parties were fully diverse and the amount in controversy exceeded $75,000, "removal of [Grünberger's Complaint was] proper under 28 U.S.C. § 1441." (*Id.*, PageID.6.)

**D**

On November 22, 2021, Grünberger filed the current motion to remand this action to the Oakland County Circuit Court. (*See* Mot. to Remand, ECF No. 6.) Grünberger insists that complete diversity does not exist because he retains a 29.4807% interest in GPSI, and he and GPSI therefore share the same citizenship. (*See id.*)

Defendants oppose remand. (*See* Mueller Resp., ECF No. 8; GPSI Resp., ECF No. 9.) They contend, among other things, that GPSI's presence in the action does not destroy complete diversity for three reasons. First, they argue that GPSI was "fraudulently joined" as a defendant. Second, they assert that GPSI is only a

7

"nominal party" whose citizenship is not relevant to the Court's subject-matter jurisdiction. Third, they insist that even if GPSI was properly joined and is more than a nominal party, its presence does not destroy complete diversity because, in light of the sale of Grünberger's membership interest, he is no longer a member of GPSI and it no longer has his citizenship. (*See id.*; *see also* Mueller's Supp. Br., ECF No. 13; GPSI's Supp. Br., ECF No. 14.) The Court will address each of Defendants' arguments in more detail below.

The Court held a hearing on Grünberger's motion to remand on May 16, 2022. The Court thereafter ordered the parties to submit supplemental briefs. The parties did so (*see* Supp. Brs., ECF Nos. 13, 14, 15), and the Court held a second hearing on the motion. (*See* Notice of Hearing, ECF No. 17.)

**II**

Federal courts are courts of limited jurisdiction. This Court has subject-matter jurisdiction over (1) "all civil actions arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331 – "federal question jurisdiction") and (2) "all civil actions where the matter in controversy exceeds the sum or value of $75,000 […] and is between citizens of different states" (28 U.S.C. § 1332(a) – "diversity jurisdiction"). The dispute here is whether the Court has "diversity jurisdiction." For "diversity jurisdiction" to exist, there must be complete diversity of citizenship between all plaintiffs and defendants and the amount in controversy

8

must exceed $75,000.00.[1] *See* 28 U.S.C. § 1332. For purposes of diversity jurisdiction, a limited liability company like GPSI is a citizen of each state in which one or more of its members is a citizen. *See V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010).

Under the federal removal statute, 28 U.S.C. § 1441, "a defendant may [generally] remove a civil case from state court to federal court if the action could have originally been brought in federal court." *Nessel ex rel. Michigan v. AmeriGas Partners, L.P.*, 954 F.3d 831, 834 (6th Cir. 2020). A removing defendant "bears the burden to show federal jurisdiction." *Warthman v. Genoa Twp. Bd. of Trustees*, 549 F.3d 1055, 1063 (6th Cir. 2008).

### III

### A

On their face, Grünberger's allegations seem to preclude this Court from exercising diversity jurisdiction over this action. He alleges that he is a member of GPSI, and he named GPSI as a Defendant. Because a limited liability company has the citizenship of its members, given Grünberger's allegations, GPSI shares his citizenship. Therefore, according to Grünberger, complete diversity is lacking. However, as noted above, Defendants offer three arguments as to why the Court may

---

[1] There is no dispute that the amount in controversy here well exceeds $75,000.

exercise diversity jurisdiction notwithstanding Grünberger's allegations. The Court examines each of Defendants' arguments in turn below.

**B**

Defendants first argue that the Court need not consider GPSI's citizenship when determining whether diversity jurisdiction exists because Grünberger "fraudulently joined" GPSI as a defendant. "[F]raudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (quoting *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998)). The Sixth Circuit has laid out the standard for proving fraudulent joinder as follows:

> To prove fraudulent joinder, the removing party must present sufficient evidence that a plaintiff could not have established a cause of action against non-diverse defendants under state law. However, if there is a colorable basis for predicting that a plaintiff may recover against non-diverse defendants, this Court must remand the action to state court. The district court must resolve all disputed questions of fact and ambiguities in the controlling state law in favor of the non removing party. All doubts as to the propriety of removal are resolved in favor of remand.

*Id.* (internal punctuation and citations omitted). "When deciding a motion to remand" on the basis of fraudulent joinder, courts "may 'pierce the pleading' and consider summary judgment evidence, such as affidavits presented by the parties. The court may look to material outside the pleadings for the limited purpose of

determining whether there are undisputed facts that negate the claim." *Casias v. Wal-Mart Stores, Inc.*, 695 F.3d 428, 4833 (6th Cir. 2012) (internal quotation marks and citation omitted).

Defendants argue that Grünberger has no colorable claim against GPSI here because Grünberger released his claims against GPSI in previous litigation. (*See* Mueller Resp., ECF No. 8, PageID.204–212.) The parties to that earlier litigation were GPSI and a second, related company, GPSI Latinoamerica S. de R.L. de C.V. ("GPSILA"). GPSI and GPSILA settled the prior litigation and memorialized their settlement in a written settlement agreement. Grünberger was the CEO and President of GPSILA, and he signed the settlement on GPSILA's behalf.

The settlement agreement included the following release of claims:

> The Parties [*i.e.*, GPSI and GPSILA], for themselves and their officers, directors, shareholders, members, employees, agents, servants, representatives, predecessors, successors, assigns, and affiliates [the "Releasors'], hereby forever release and discharge one another and each of their officers, directors, shareholders, members, employees, agents, servants, representatives, predecessors, successors, assigns, and affiliates [the "Releasees"], from any and all claims, demands, causes of action, damages, and actions of whatsoever kind or nature, legal or equitable, whether arising out of contract, tort or otherwise, known or unknown, foreseen or unforeseen, past, present, or future, which the Parties may have once had, or may now have against one another, from the beginning of time to the date of this Agreement, including but not limited to, any claim related to the business relationship between the Parties, any claim related to Guidepoint's tangible or intangible property, any claim

11

> related to the ownership of Guidepoint's intellectual property or any other knowhow, any claim related to any Intellectual property or know-how utilized in Guidepoint's business, any claim involving or related to Samuel Spencer, MFSS Holdings, LLC and/or MFSS Acquisition, LLC, any claim related to the operation of Guidepoint, any claim related to GPSILA, and/or any claim related to the Litigation as well as claims that were made or could have been made in the Litigation. This release expressly excludes any claim related to this Agreement or any conduct that occurs after the date of this Agreement.

(Settlement Agmt., ECF No. 8-2, PageID.221.)

Defendants argue that this release of claims bars Grünberger's claims here because (1) "[a]s President and Chief Executive Officer of GPSILA, there is no dispute that [Grünberger] is among the defined set of 'Releasors'" listed in the release, (2) GPSI "is one of the 'parties'" that is "unambiguously included in the defined set of 'Releasees'," and (3) "[t]he broad scope of the release unambiguously applies to 'any and all claims' including the claims asserted against GPSI" by Grünberger in this action. (Mueller Resp., ECF No. 8, PageID.206.) Thus, according to Defendants, Grünberger "has no colorable claim against GPSI." (*Id.*)

The Court disagrees. There is at least a colorable argument – if not a winning one – that the release executed between GPSI and GPSILA does not bind Grünberger in his personal capacity and thus does not release Grünberger's personal claims against GPSI. While Grünberger did sign the settlement agreement, he did so in his capacity as "President CEO" of GPSILA. (*See* Settlement Agmt., ECF No. 8-2,

12

PageID.223.)  And it is not obvious from the face of the settlement agreement that the release would bind Grünberger in his *personal* capacity.  At the very least, there are no "undisputed facts" in the current record that persuade the Court that the release applies to Grünberger in his individual and personal capacity.  Moreover, Defendants have not yet convinced the Court that GPSILA, as party to the settlement agreement, had the authority to release claims held by non-party Grünberger.

For all of these reasons, Defendants have not carried their burden of establishing that Grünberger could not recover from GPSI.  Accordingly, the Court declines to disregard GPSI's citizenship on the basis of fraudulent joinder.

**B**

Next, Defendants argue that even if GPSI was not fraudulently joined, the Court should not consider GPSI's citizenship when determining jurisdiction because GPSI is a mere "nominal party" to this action. (*See* Mueller Supp. Br., ECF No. 13, PageID.668–673.)  As the Supreme Court has explained, "[e]arly in its history, this Court established that the 'citizens' upon whose diversity a plaintiff grounds jurisdiction must be real and substantial parties to the controversy.  Thus, a federal court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of the real parties to the controversy." *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 460–61 (1980) (internal citations omitted). *See also Mortenson Family Dental Center Inc. v. Heartland Dental Care*, 526 F. App'x 506, 508 (6th Cir. 2013)

13

("When determining whether diversity jurisdiction exists, a federal court must disregard nominal parties and decide jurisdiction only on the citizenship of the real parties in interest"). "A nominal party [is a party that] has no interest in the result of the suit." *Mortenson*, 526 F. App'x at 508 (internal citation omitted).

Defendants insist that GPSI is a "nominal party" here because the true dispute is between Grünberger and Mueller, the person whom Grünberger says wrongly sold his membership interest in GPSI. Defendants say that GPSI is just a "spectator" to that fight. (Mueller Supp. Br., ECF No. 13, PageID.671.) The Court disagrees.

With respect to at least one of the claims Grünberger brings here – his claim for shareholder oppression in Count IX of his Complaint – GPSI is not just a "nominal party." As described above, in that Count, Grünberger seeks, among other things, an order "dissolving and liquidating the assets of GPSI." (Compl., ECF No. 8-3, PageID.259.) Because GPSI is "a legal entity distinct from its members," it has its own "real interest" in the "outcome of [] litigation" seeking its dissolution.[2] *Tangshan Ganglu Iron & Steel Co., Ltd. v. Mapuche*, 2014 WL 2095167, at \*2 (S.D. Fla. May 20, 2014). Indeed, "[i]t is hard to imagine a case in which a limited-liability

---

[2] *See also Tooling, Mnf'g and Technologies Assoc. v. Hartford Fire Insurance Co.*, 693 F.3d 665, 672 n.6 (6th Cir. 2012) (explaining that "Michigan law treats limited liability companies separately from their members"); *Trident–Allied Assocs., LLC v. Cypress Creek Assocs., LLC*, 317 F.Supp.2d 752, 754 (E.D. Mich. 2004) ("[The] Michigan legislature fashioned the limited liability company to be a legal entity distinct from its members.").

14

company would have a greater stake in the outcome." *Id. See also Rasawehr v. Belcher*, 2020 WL 5814557, at *3 (N.D. Ohio Sept. 30, 2020) (explaining that a limited liability company would have "a very real stake in the outcome of [plaintiff's] dissolution claim" because the company "would cease to exist if [that] claim [were] successful"). For that reason, several courts, including another Judge of this Court, have concluded that where one of the parties to litigation seeks to dissolve an LLC, that LLC is more than a mere "nominal party." *See, e.g., Tangshan*, 2014 WL 2095167, at *2 (rejecting argument that limited liability company was "merely a nominal party to this case and therefore that the Court should ignore [its] citizenship in evaluating diversity" where dissolution was sought); *Rasawehr*, 2020 WL 5814557, at *4 (holding that a limited liability company was a "necessary" and "indispensable" party where plaintiff sought dissolution); *Masters v. Harkleroad*, 303 F. App'x 859, 861 (11th Cir. 2008) (holding that where petitioners sought "to enjoin the LLCs from engaging in further business, appoint a receiver for the LLCs, dissolve the LLCs, and distribute their assets," the LLCs were not "not merely nominal parties for purposes of diversity jurisdiction"); *Patel v. Henslee Chicken, LLC*, 2020 WL 7260926, at *10 (M.D. Tenn. Dec. 10, 2020) ("find[ing] that Defendant LLCs here are not nominal parties but rather real parties in interest who are needed to effectuate full relief to the parties" where, among other things, plaintiffs sought "relief such as […] dissolution"); *Tampone v. Richmond*, 2010 WL

15

3083539, at *5 (E.D. Mich. Aug. 5, 2010) (same). The Court acknowledges that this is a difficult question, and that other courts have reached different conclusions,[3] but the Court is persuaded that, under the circumstances presented here – where Grünberger seeks dissolution of GPSI and where GPSI is represented in this action by its own counsel – GPSI is not a mere nominal party.[4] Thus, the Court cannot ignore GPSI's citizenship on this basis when determining if diversity jurisdiction exists.

---

[3] *See, e.g., Polak v. Kobayaski*, 2005 WL 2008306, at *3 (D. Del. Aug. 22, 2005) (concluding that limited liability company had no "interest" in dissolution claim "distinct from the interests of [its members]" and concluding that limited liability company was "not a real party to the dissolution issue and should remain a nominal defendant"); *Roskind v. Emigh*, 2007 WL 981725, at ** 2–3 (D. Nev. April 2, 2007) (holding that where "[t]he real dispute in this case is between" the members of a limited liability company "over the dissolution and distribution of the assets of [the company]," then the company "has no stake in the controversy," is a "nominal party," and "its citizenship should not be considered for diversity purposes"); *Wolff v. Wolff*, 768 F.2d 642 (5th Cir. 1985) (same).

[4] Defendants' argument that GPSI is a nominal party here rests in large part upon the Sixth Circuit's decision in *Mortensen*, *supra*. Defendants' reliance on *Mortensen* is understandable, but the case is distinguishable. In *Mortensen*, the members of an LLC were fighting over ownership of the entity. The Sixth Circuit held that the LLC was a nominal party to the action because the real dispute was entirely between the members and because the outcome of the suit would not directly affect the LLC. *See Mortensen*, 526 F. App'x at 508-09. But neither party in *Mortenson* sought dissolution of the LLC. Thus, *Mortensen* does not address the circumstances before the Court here.

# C

Finally, Defendants argue that even if GPSI is properly joined and even if it is not a mere nominal party, GPSI's presence does not destroy complete diversity because Grünberger's interest in GPSI has been sold, and therefore Grünberger is no longer a member of the LLC. (*See, e.g.*, GPSI Resp., ECF No. 9, PageID.410-411.) Thus, Defendants say, Grünberger and GPSI do not share the same citizenship, and complete diversity exists. While Defendants may ultimately be proven correct on this point, for the reasons explained below, the Court cannot yet find that it has jurisdiction on this basis.

Where a dispute over "subject-matter jurisdiction also implicates an element of the cause of action, [a] district court should find that jurisdiction exists and deal with the objection as a direct attack on the merits of the plaintiff's claim." *Gentek Bldg. Products, Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). The Court must follow that path here because the dispute over whether Grünberger remains a member of GPSI is inextricably intertwined with the elements of Grünberger's claim in which he seeks a declaration that he is still a member of the LLC. Simply put, the Court cannot determine whether Grünberger remains a member of GPSI – and thus whether complete diversity exists here – until it resolves the merits of his claim that the Purported Sales Agreement was ineffective to the

extent that it purported to sell his interest in GPSI. And the Court concludes that it cannot resolve that question based upon the pleadings and current state of the record.

Under these circumstances, the Court may "defer resolution of the jurisdictional issue until the time of trial or summary judgment." *Beane v. Beane*, 2010 WL 882892, at *2 (D. N.H. Mar. 5, 2010) (explaining that where the existence of diversity jurisdiction depended upon the resolution of a dispute over the identity of the members of an LLC, and where the court could not "decide its jurisdiction to hear th[e] case without deciding the case itself, or at least a major part of it," that the court should "defer" ruling on the jurisdictional issue) (internal quotation marks and citation omitted); *Inteliclear, LLC v. Victor*, 2017 WL 2213125 (D. Conn. May 18, 2017) (same). Thus, the Court will decide whether Grünberger remains a member of GPSI – and thus whether complete diversity exists here – at the summary judgment or trial stage of this action.

## IV

For all of the reasons explained above, Grünberger's motion to remand (ECF No. 6) is **DENIED WITHOUT PREJUDICE**. The Court will now hold a status conference with the parties to discuss next steps in this action, including a period for jurisdictional and/or other discovery. **IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: July 29, 2022

18

    I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 29, 2022, by electronic means and/or ordinary mail.

                                            s/Holly A. Ryan  
                                            Case Manager  
                                            (313) 234-5126