UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| GUILLERMO JOSE GRUNBERGER REYNOSO, <br>      Plaintiff/Counter Defendant, <br> v. | Case No. 21-12556 <br><br> Matthew F. Leitman <br> United States District Judge |
| RAND MUELLER, *et al.*, <br>    Defendants/Counter-Claimants, <br> v. | Curtis Ivy, Jr. <br> United States Magistrate Judge |
| GPSI, LLC, <br>             Cross Claimant. <br> _____/ | |

## ORDER GRANTING MUELLER'S MOTION TO COMPEL (ECF No. 87)

A.   Background

The parties have raised disputes about whether Plaintiff should sit for a continued deposition and whether Plaintiff should be compelled to produce documents before a continued deposition. (ECF Nos. 81, 86, 87). Before the hearing on these motions, the parties resolved the issue of Plaintiff's deposition. They will submit a stipulation and proposed order reflecting their agreement. The motions related to that issue will be withdrawn or terminated as moot when the Court enters the proposed order.

This Order, then, considers only Defendant Mueller's motion to compel Plaintiff to respond to documents requests. (ECF No. 87). The documents Mueller

seeks concern an alleged embezzlement scheme. The Defendants accuse Plaintiff of siphoning money out of GPSI Latinoamerica ("GPSI LA") (the company Plaintiff controls and has majority ownership) into his personal accounts. This money would have otherwise been distributed to GPSI and its owners. Plaintiff's embezzlement, according to Defendants, deflated the enterprise value of GPSI which in turn impacted the sale price. (*Id.* at PageID.2323). Plaintiff's ex-wife testified about the scheme. She stated that Plaintiff directed her to authorize the allegedly fraudulent transactions. (*Id.* at PageID.2334-35). Mueller argues that the alleged embezzlement scheme is relevant to the claims and defenses, including Mueller's defense of unclean hands, and Plaintiff's credibility. (*Id.* at PageID.2335). He asserts that Plaintiff, as an owner of GPSI LA, has the legal right to demand the documents from the company, if they are not already in his possession.

Plaintiff argues the requests were untimely, so he does not have to respond. (ECF No. 96, PageID.2438). And Mueller moved to compel responses only four days after serving the requests when responses were not yet due. Plaintiff asserts that Mueller's defense of unclean hands, used to demonstrate the relevance of this discovery, is unavailable to him. Mueller sold his interests in Guidepoint—the entity holding a membership interest in GPSI LA. The alleged scheme with GPSI LA does not relate to any claims involving Mueller. (*Id.* at PageID.2437).

B.    <u>Discussion</u>

The Court will address timeliness first. Plaintiff is correct that his responses to the requests were not due until May 1, 2024. The case management order is clear that discovery requests must be served sufficiently in advance of the close of discovery to allow the responding party to respond before the close. (ECF No. 24). Mueller's April 1, 2024, requests were one day late since discovery closed on April 30, 2024.

"District courts have broad discretion over docket control and the discovery process." *Pittman v. Experian Info. Solutions, Inc.*, 901 F.3d 619, 642 (6th Cir. 2018) (citing *In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996)). Though Mueller's requests were a day late and strict application of the case management order would eliminate Plaintiff's obligation to respond, there is no serious, litigation-derailing prejudice to Plaintiff if required to respond to day-late requests. Thus, the motion to compel will not be denied on timeliness grounds.

At the hearing, counsel for Plaintiff argued that timeliness is not the only issue with the discovery requests. Plaintiff asserts that the requests are overbroad, burdensome, and not proportional to the needs of the case. For example, one request, at least, seeks six years of GPSI LA financial documents. He also argues that Mueller is asking Plaintiff for the documents rather than getting them directly

3

from the company because going to the company would require Mueller to go through the Mexican government. Sending discovery requests to Plaintiff is easier.

The Court agrees with Mueller that the requests are proportional to the needs of the case. First, Plaintiff's ex-wife testified that the scheme was going on for years. Mueller asserts that millions of dollars were siphoned off during that time. Thus, the six-year timeframe makes sense. And the embezzlement scheme is relevant to the issues here, including damages. Second, Plaintiff is asserting damages of nearly $10 million. Seeking six years of financial documents in a $10 million case is in proportion with the needs of the case. Third, generally, collecting financial documents does not present a burden worthy of forgoing the discovery.

Possession of the documents is the next issue. "[F]ederal courts have consistently held that documents are deemed to be within the 'possession, custody or control' for purposes of Rule 34 if the party has *actual* possession, custody or control, *or has the legal right to obtain the documents on demand.*" *In re Bankers Tr. Co.*, 61 F.3d 465, 469 (6th Cir. 1995) (first emphasis original, second emphasis added) (further citation omitted). "[T]he relationship between the party and the person or entity having actual possession of the document is central in each case. The party must be able to command release of the documents by the person or entity in actual possession." *Frye v. CSX Transp., Inc.*, 2016 WL 2758268, at *4

(E.D. Mich. May 12, 2016) (quoting *Gen. Envtl. Sci. Corp. v. Horsfall*, 1994 WL 228256, at *10, n. 15 (6th Cir. May 25, 1994)).  The Court was presented no reason to believe that Plaintiff, as majority owner of GPSI LA, does not have the legal right to obtain the documents that Mueller seeks.

Mueller's motion to compel production of documents is **GRANTED**.  Plaintiff must produce documents or appropriate objections in response to Mueller's discovery requests **within 21 days** of this Order.  As mentioned, Plaintiff's counsel asserted undue burden and overbreadth during the hearing.  As to burden, there is not enough information in the record that would allow the Court to conclude that there is undue burden on Plaintiff in obtaining and producing the documents.  The same is true with overbreadth.  So these objections are not credited, yet.  To be fair to Plaintiff, Mueller moved to compel responses before responses were due, so Plaintiff's response brief could not reasonably include argument on objections.  For this reason, the Court will allow objections related to burden and breadth, stated in sufficient detail to explain Plaintiff's position.  The parties should confer if there is a dispute, keeping in mind the District Court's Order concerning discovery disputes at ECF No. 92.  If no resolution can be reached, counsel should reach out to chambers to schedule a status conference.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d).  A party may not assign as error any defect in this Order to which timely objection was not made.  Fed. R. Civ. P. 72(a).  Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection.  When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge.  E.D. Mich. Local Rule 72.2.

Date: May 31, 2024                         s/Curtis Ivy, Jr.
                                           Curtis Ivy, Jr.
                                           United States Magistrate Judge