UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GUILLERMO JOSE GRUNBERGER REYNOSO,
Plaintiff/Counter Defendant,
v.

RAND MUELLER, *et al.*,
Defendants/Counter Claimants,
v.

GPSI, LLC,
Cross Claimant.
_______________________________/

Case No. 21-12556

Matthew F. Leitman
United States District Judge

Curtis Ivy, Jr.
United States Magistrate Judge

**ORDER GRANTING IN PART MOTION FOR SANCTIONS (ECF No. 119)**

A. Background

During May 2024, the Court granted Defendant Mueller's motion to compel Plaintiff to produce six years of documents related to an alleged embezzlement scheme. (ECF No. 106). In ordering supplemental responses to the requests, the Court allowed Plaintiff to assert breadth and burden objections. Now Mueller moves for sanctions under Fed. R. Civ. P. 37(b) and this Court's inherent powers against Plaintiff for failing to supplement or adequately supplement his responses. (ECF No. 119). That motion was referred to the undersigned. (ECF No. 120). The Court held argument on the motions on November 11, 2024. For the reasons below, the motion is **GRANTED IN PART**.

According to Mueller, for years Plaintiff was using four accountant entities or persons who would issue bogus invoices that would be "paid" by his company, GPSI Latinoamerica ("GPSILA") (Guidepoint Defendants (all defendants except Mueller) have an ownership stake in GPSILA). The accountants, which Mueller calls "launderers," would then wire the money to Plaintiff personally after keeping a small percentage for themselves. (ECF No. 119, PageID.2821). To prove this scheme, Mueller seeks GPSILA records and Plaintiff's bank statements. Specifically, he seeks (1) purchase orders from GPSILA to the four accountants (RFPs 1, 5, 9, 13), (2) invoices issued to GPSILA by the four accountants (RFPS 2, 6, 10, 14), (3) payments from GPSILA to the accountants (RFPs 3, 7, 11, 15), (4) payments from the accountants to Plaintiff (RFPs 4, 8, 12, 16), (5) any correspondence describing what services or goods the four accountants provided to GPSILA in exchange for payment (RFP 17), (6) accounting records identifying the accounting entries booking the "bogus" expenses and payments including GPSILA's general ledger (RPFs 18, 19, 20), and (7) monthly bank statements from accounts identified by Plaintiff's ex-wife and "from all other bank accounts" in Plaintiff's name or held on his behalf (RFPs 21, 22). (*Id.* at PageID.2823-24). Plaintiff did not produce his bank statements, any GPSILA accounting records, or any correspondence with the accountants, and he purportedly only provided a small set of invoices from the accountants and a few bank statements from a

GPSILA account that were nearly completely redacted. (*Id.* at PageID.2825). He wants production of these documents without redaction and an award of costs and fees incurred in bringing the motion.

Plaintiff insists that he complied with the Court's order—he produced 290 pages of documents and objected to some requests on breadth and burden. (ECF No. 122).[1] Plaintiff's supplemental discovery responses fall into three categories: (1) an objection related to breadth and burden but indicating that he would search for and produce responsive non-privileged documents in his possession (responses to RFPs 2, 6, 7, 10, 11, 14, and 15), (2) an objection related to breadth and burden and indicating that he was not presently aware of any responsive documents (responses to RFPs 1, 3, 4, 5, 8, 9, 12, 13), and (3) an objection related to breadth and burden and stating that he would not search for responsive documents as to the "catchall requests" (responses to RFPs 17 through 22). (*Id.* at PageID.2922). He asserts that his redaction of non-responsive information in documents he produced did not violate the Order. He redacted things such as transactions between GPSILA and/or Plaintiff and entities other than the four accountants. (*Id.* at PageID.2922-23).

---

[1] Plaintiff mentions Guidepoint Defendants' late production of documents on September 4, 2024. (ECF No. 122, PageID.2920, n. 1, PageID.2923). Because that issue is not before the Court in a motion or a request for status conference, the Court will not address this issue here.

The Guidepoint Defendants filed a response. They insist that documents they recently produced show that Plaintiff did not produce what was required by the Court. (ECF No. 121).

The Court reviewed Guidepoint's response but gives little weight to the arguments. First, this dispute is between Mueller and Plaintiff concerning Mueller's discovery requests. Second, Guidepoint asserts that "[t]here is no question that" certain documents exist that Plaintiff has not produced, but did not provide an example of a document that exists responsive to a request that Plaintiff did not produce. The Court cannot simply take counsel's word as proof without support for its contentions.

B.   Discussion

If a party disobeys an order to provide discovery, the Court may issue any of the sanctions listed in Fed. R. Civ. P. 37(b)(2)(A). Instead of or along with those sanctions, the Court must require the party failing to act, and/or its attorney, to pay reasonable expenses and attorney fees caused by the failure unless the failure was substantially justified. *Id.*

When the parties were before the Court during April 2024 on Mueller's motion to compel these documents, Mueller shared his theory about Plaintiff's alleged embezzlement scheme. Both judges assigned to the case have considered the potential existence of the scheme to be relevant. This Court also concluded

that discovery on the scheme would be proportional to the needs of the case. Thus, the Court ordered Plaintiff to produce documents in response to Mueller's RFPs. (ECF No. 106). The current dispute followed.

1. Documents Produced

Mueller argues that it is "readily apparent" that Plaintiff has not produced all existing responsive documents from the six-year period. (ECF No. 119, PageID.2830-31). He asks that the Court order Plaintiff to produce unredacted copies of the documents he has produced and to obtain, verify, and produce unredacted copies of every invoice and each corresponding payment related to the four accountants. (*Id.* at PageID.2831).

The parties spent a portion of oral argument addressing Plaintiff's redactions. Mueller suspects that some relevant information was redacted and argues that documents should be produced unredacted so that the requesting party can decide what information is relevant.

The Court will require Plaintiff to produce all documents unredacted. A responding party's unilateral relevance redactions are generally considered inappropriate. *See Weidman v. Ford Motor Co.*, 340 F.R.D. 106, 112 (E.D. Mich. 2021) (citation omitted); *Am. Mun. Power, Inc. v. Voith Hydo, Inc.*, 2020 WL 5014914, at *4 n. 3 (S.D. Ohio Aug. 25, 2020) (collecting cases). There was discussion of an attorney's eyes only designation on the unredacted copies.

Because of the high likelihood of irrelevant and potentially private information contained in otherwise responsive documents, the Court orders that documents be produced unredacted with an attorney's eyes only designation. Should the Defendants intend to use relevant portions of the documents as evidence in motion practice, the irrelevant information should be redacted. If disputes arise surrounding the designation, the parties should contact chambers for a status conference.

    2.    "Not Presently Aware"

Mueller is uncomfortable with Plaintiff's response that he is presently unaware of the existence of responsive documents. Plaintiff did not definitively state that no documents exist. At the hearing, Plaintiff's counsel explained that Plaintiff searched for relevant documents and gave what he found to counsel. For now, Plaintiff and counsel are unaware of responsive documents that have not been produced. Counsel acknowledged his obligation to supplement responses should more documents surface under Fed. R. Civ. P. 26(e).

Given counsel's representation on the record that Plaintiff searched for documents and produced what he found, the Court will not order more. Should it come to light that Plaintiff did not undertake his search in good faith and that responsive documents have been withheld, sanctions will be appropriate.

    3.    "Catchall" RFPs 17-22

Much of what the parties dispute lies in RFPs 17-22.

In the requests leading up to RFP 17, Mueller asked for all purchase orders sent on behalf of GPSILA sent by each accountant separately, all invoice documents sent by each account to GPSILA, all records reflecting payments from GPSILA to each accountant, and all records reflecting any payments from each accountant to Plaintiff for a six-year period. Then, at RFP 17, Mueller seeks correspondence by and between Plaintiff or GPSILA, and/or on their behalf, and any of the accounting individuals or entities detailing or describing services or products provided to GPSILA. (ECF No. 119, PageID.2871). Plaintiff objects and argues that this request is overbroad and overly burdensome because it would require Plaintiff to search the communications of some 85 employees, the request is vague, and there is no time limit to the request.

The Court agrees with Plaintiff. RFP 17 is vague and would capture an overly broad collection of communications. In the Court's view, responses to RFPs 1-16 will provide Mueller with the information he seeks to determine whether the transactions were legitimate or fraudulent. Plaintiff's non-response to this RFP does not violate the Order. Production of documents will not be compelled.

RFPs 18-20 are duplicative or cumulative of RFPs 1-16. They seek all of GPSILA's accounting documents for a six-year period. The Court does not

consider Plaintiff's refusal to produce documents in response to these three RFPs disobedience to the Order. Mueller failed to articulate what information he hoped to obtain from these RFPs that would not have been produced in response to RFPs 1-16. The Court will not require Plaintiff to respond to these three RFPs. These requests are broad, without limit, and likely to take very considerable time to locate and produce and will contain a large swatch of irrelevant information.

RFPs 21 and 22 ask for monthly account statements for the account Plaintiff's ex-wife identified during deposition and for all monthly statements from all bank accounts in Plaintiff's name or held on his behalf, all between January 1, 2018, to the present. Plaintiff views these requests duplicative of the earlier requests that seek all records reflecting payments from the four accountants to Plaintiff, as in RFP 12. Though the Court understands Plaintiff's perspective, according to Mueller, Plaintiff has produced none of his personal bank account statements and nothing produced so far shows payments from the accountants to Plaintiff. So even if RFPs 21 and 22 are duplicative of earlier requests, Plaintiff has not responded to those earlier requests to make duplication a problem.

Plaintiff opposes producing his personal bank statements because it would show all of his private, irrelevant transactions such as where he shops or dines. Plaintiff's concerns should be sufficiently allayed by the attorney's eyes only

designation required by this Order. There should be little difficulty for Plaintiff to obtain monthly statements for the requested six-year period.

To be clear, the Court is ordering Plaintiff to produce his personal bank account statements (or accounts held in his name) for the six-year period in response to the RFPs that seek records reflecting payments from the accountants to Plaintiff. No other kinds of documents need be produced in response to these requests. Supplemental production should be complete **within 21 days** of this Order.

4. Proportionality

As noted in the Order granting Mueller's motion to compel, Mueller's requests go to his defense of unclean hands. Plaintiff argues, as he did in response to the motion to compel (ECF No. 96), that this defense is unavailable to Mueller. He says that any harm caused by his alleged embezzlement would be harm to non-party GPSILA. He next points to a settlement agreement with Guidepoint in which Guidepoint released any claims against Plaintiff including any claim related to GPSILA. Given that agreement, Plaintiff contends that any actions predating that agreement (February 12, 2021), are irrelevant. (ECF No. 122, PageID.2926-27). Finally, Plaintiff insists that even if Mueller gets past those issues, unclean hands only applies to equitable claims yet Mueller has not identified the relevant equitable claim this discovery relates to.

Mueller points out that the Court has already determined that the information he seeks is relevant and proportional to the needs of the case, and that Plaintiff did not object to the Order at issue. For these reasons, he says Plaintiff has waived these arguments.

Mueller's points are valid. Plaintiff's opportunity to challenge relevance and proportionality has passed.

Mueller's motion is **GRANTED IN PART**. Plaintiff must supplement discovery responses as explained above **within 21 days of Order**. He may not redact any of the documents. Documents he believes should contain redactions must be produced with an attorney's eyes only designation. He need not produce documents responsive to RFPs 17-20. Plaintiff must verify under oath the identity of all the banks or institutions and their account numbers for all accounts held in his name or on his behalf for the last six years. And he must produce his own bank statements.

Because the motion was granted in part and Plaintiff raised reasonable arguments against some requests, the Court will award Mueller 50% of the reasonable costs and fees incurred in drafting and filing this motion. *See* Fed. R. Civ. P. 37(b)(2)(C). The Court will leave it to Plaintiff and his counsel to determine who will pay the costs and fees. If the parties cannot agree on costs and

fees, Mueller must file a bill of costs and any supporting argument. Plaintiff must respond within 14 days of service. No reply will be allowed.

One final note. Guidepoint Defendants mention another entity that Plaintiff owns, Decko-Latam, that Plaintiff allegedly used to siphon money from GPSILA. (ECF No. 121). Guidepoint says that Plaintiff produced no documents reflecting transactions with Decko-Latam. Issues related to Decko-Latam are not properly before the Court. Mueller did not seek documents reflecting transactions with the entity.

**IT IS SO ORDERED**.

The parties here may object to and seek review of this Order, but are required to file any objections within 14 days of service as provided for in Federal Rule of Civil Procedure 72(a) and Local Rule 72.1(d). A party may not assign as error any defect in this Order to which timely objection was not made. Fed. R. Civ. P. 72(a). Any objections are required to specify the part of the Order to which the party objects and state the basis of the objection. When an objection is filed to a magistrate judge's ruling on a non-dispositive motion, the ruling remains in effect unless it is stayed by the magistrate judge or a district judge. E.D. Mich. Local Rule 72.2.

Date: November 8, 2024

s/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge